FILED
United States Court of Appeals
Tenth Circuit

November 26, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

LOS REYES FIREWOOD; PAUL
KEITH REYES,

      Plaintiffs - Appellants,

v.

STATE OF NEW MEXICO'S
BERNALILLO COUNTY
METROPOLITAN DETENTION
CENTER; JAIL DIRECTOR CHIEF
RAMON RUSTIN,

      Defendants - Appellees.

No. 14-2108
(D.C. No. 1:14-CV-00303-KG-SCY)
(D. New Mexico)

ORDER AND JUDGMENT[*]

Before **HARTZ**, **MCKAY**, and **MATHESON**, Circuit Judges.

Plaintiffs Los Reyes Firewood and Paul Keith Reyes, appearing pro se, appeal a

decision of the United States District Court for the District of New Mexico dismissing

---

[*] After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

their incoherent complaint for failure to comply with Rules 8(a)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. Defendants Bernalillo County Metropolitan Detention Center and Ramon Rustin contend that (1) we are without jurisdiction because the district court's dismissal of the complaint was not a final judgment, and (2) the district court's judgment on the merits is correct.[1] We hold that we have jurisdiction and affirm the district court's judgment.

Under 28 U.S.C. § 1291 we may only entertain appeals of "final decisions." The district court dismissed Plaintiffs' complaint *without* prejudice. "A case dismissed without prejudice may or may not be a final appealable order, depending upon the circumstances." *Moya v. Schollenbarger*, 465 F.3d 444, 448 (10th Cir. 2006) (internal quotation marks omitted).

The circumstances here imply that the dismissal was a final order. To begin with, the opinion and order states that "a *final* order of dismissal will be entered." Mem. Op. & Order at 2, *Los Reyes Firewood v. State of N.M.'s Bernalillo Cnty. Metro. Det. Ctr.*, No. 1:14-cv-00303 (D.N.M. June 17, 2014) (emphasis added). Second, the district court denied as moot plaintiffs' motions relating to subpoenas and a continuance. Such

---

[1] Defendants also argue that Los Reyes Firewood is not represented by counsel, so it may not proceed in this appeal. While artificial entities may not appear without an attorney, *see Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993), the law is less clear on whether sole proprietorships can appear pro se, *see Lattanzio v. COMTA*, 481 F.3d 137, 139–40 (2d Cir. 2007) (per curiam). The record does not show whether Los Reyes Firewood is a sole proprietorship; but we need not resolve whether it is because it raises only the same failing arguments as Mr. Reyes.

2

motions would ordinarily not be mooted if the case survived. In addition, on the same day as the opinion the district court issued an Order Imposing Additional Filing Restrictions. The order states that "[t]he Court is concerned that *pro se* Plaintiff Paul Keith Reyes will continue to engage in frivolous litigation, as he has in numerous other cases, and continue to cause needless expense to opposing parties and waste scarce judicial resources." Order Imposing Additional Filing Restrictions at 1, *Los Reyes Firewood*, No. 1:14-cv-00303 (D.N.M. June 3, 2014).[2] It provides that Mr. Reyes must refrain from filing documents in cases removed to the United States District Court for the District of New Mexico (an order in a previous case restricted Mr. Reyes's ability to file pro se suits directly in the district) unless represented by counsel or with court permission to proceed pro se. *See id.* at 2–3. The "overall tenor" of the order displays the court's intent to dispose of the entire action. *Moya*, 465 F.3d at 454 (internal quotation marks omitted).

Our jurisdiction established, we now turn to the merits. "The legal sufficiency of a complaint is a question of law, and a Rule 12(b)(6) dismissal is reviewed de novo." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). Mr. Reyes's arguments on appeal to defend the sufficiency of his complaint are, however, utterly incomprehensible. He complains of "an association-in-fact RICO enterprise" preventing Los Reyes

---

[2] The district court noted that Mr. Reyes had filed eight cases in federal court since 2006, all "dismissed as either frivolous, for failure to state a claim, or by stipulation." Order Imposing Additional Filing Restrictions at 1 n.1, *Los Reyes Firewood*, No. 1:14-cv-00303.

Firewood from paying taxes, Aplt. Br. at 4; claims that taxation of Los Reyes Firewood and seizure of its property were violations of the Hobbs Act and 42 U.S.C. § 1983; and requests negotiation of outstanding filing-fee issues in other cases. Even though we must construe the pro se brief liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), we can scarcely identify, much less evaluate, the "appellant's contentions and the reasons for them." Fed. R. App. P. 28(a)(8)(A). This failure waives Mr. Reyes's issues on appeal. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840–41 (10th Cir. 2005).

Moreover, the district court ruled correctly. Mr. Reyes's amended complaint is, like his appellate brief, incoherent. Count one appears to concern a dispute with a bonding company and asserts the need for "a grand jury trial." Am. Compl. for Damages at 2, *Los Reyes Firewood*, No. 1:14-cv-00303 (Mar. 28, 2014). Count two alleges that Mr. Reyes was imprisoned without a fair hearing (but fails to allege any supporting facts), was denied access to a prison law library, and must live in "unsafe places to maintain oral hygiene," which place is unspecified but apparently is "his little brothers [sic] house." *Id.* Count three alleges unspecified cruel and unusual punishment by the defendants. Count four alleges that Mr. Reyes no longer pays taxes because of actions by the defendants and others. And count five requests a "trial by grand jury." *Id.* at 3. None of these allegations presents "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), or states "a claim upon which relief can be granted," *id.* 12(b)(6).

The judgment of the district court is AFFIRMED. Mr. Reyes also moves to proceed *in forma pauperis*. To succeed, he "must show . . . the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). He has failed to make that showing. The motion is DENIED.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge